1

2

3

4

5

6                        **UNITED STATES DISTRICT COURT**

7                            **DISTRICT OF NEVADA**

8    JEREMY LUCERO, an individual,               )
                                                 )
9                Plaintiff,                       )
                                                 )
10        v.                                      )          2:11-cv-1326-RCJ-RJJ
                                                 )
11                                               )          **ORDER**
     BANK OF AMERICA HOME LOANS, LLC, A )
12   DIVISION OF BANK OF AMERICA, N.A., a )
     Delaware Corporation, MTC FINANCIAL dba )
13   TRUSTEE CORPS, TRUSTEE CORPS,               )
     PRLAP, INC, DOES I-X, and ROES I-X          )
14   Corporations,                               )
                                                 )
15               Defendants.                      )
                                                 )
16   _____ )

17           Currently before the Court are two motions to dismiss: the first filed by Defendant MTC

18   Financial dba Trustee Corps ("Trustee Corps") (#6) and the second filed by Defendants Bank

19   of America, N.A. and PRLAP, Inc. (#15).  For the following reasons, the pending motions filed

20   by Trustee Corps, Bank of America, and PRLAP (collectively "Defendants") are granted in part

21   and denied in part.

22                            **BACKGROUND[1]**

23

24   _____

25           [1] Defendants have requested judicial notice to be taken of attached copies of relevant

     publicly recorded documents.  (*See* Req. for Judicial Notice (#6-1); Mot. to Dismiss (#15) at
26
     3 n.2).  The Court takes judicial notice of these public records.  *See Disabled Rights Action*
27
     *Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take
28
     judicial notice of the records of state agencies and other undisputed matters of public record

     under Fed. R. Evid. 201).

Plaintiff Jeremy Lucero is the owner of real property located at 4317 Alta, Las Vegas, Nevada 89107 (the "Property"). (Compl. (#1-1) at 2). Plaintiff financed the purchase of the Property by obtaining a loan from Bank of America in the amount of $208,000, which was secured with a deed of trust dated April 19, 2007 (the "Deed of Trust"). (*Id.* at 3; Deed of Trust (#15-1) at 1-2). The Deed of Trust listed Bank of America as lender and PRLAP as trustee. (Deed of Trust (#15-1) at 2).

Plaintiff subsequently defaulted on the loan secured by the Deed of Trust. (Mot. to Dismiss (#15) at 3). Trustee Corps filed a notice of default and election to sell under deed of trust on January 28, 2010. (Notice of Default (#15-3) at 1). However, Bank of America did not formally substitute Trustee Corps as trustee until May 11, 2011. (Substitution of Trustee (#15-5)). No evidence has been presented that Trustee Corps was authorized to act on behalf of Bank of America when it filed the notice of default.

Plaintiff elected to participate in foreclosure mediation pursuant to NRS § 107.086. (Compl. (#1-1) at 3). On November 5, 2010, the Foreclosure Mediation Program found that Plaintiff did not attend the mediation conference or failed to produce the necessary disclosure forms and a Certificate allowing the lender to foreclose was issued. (Certificate (#15-4)). Trustee Corps then recorded a notice of trustee's sale on June 30, 2011 and the Property was sold for a credit bid of $49,600 on July 29, 2011. (Notice of Sale (#15-6); Trustee's Deed Upon Sale (#15-7); Mot. to Dismiss (#15) at 4).

Plaintiff filed this complaint on July 27, 2011 against Bank of America, Trustee Corps, and PRLAP. (Compl. (#1-1)). The complaint alleges four causes of action, including: (1) violations of the Home Ownership Equity Protection Act ("HOEPA"); (2) wrongful foreclosure/slander of title/quiet title/petition for judicial review; (3) injunctive relief; and (4) to set aside the notice of trustee's sale and have the foreclosure proceedings declared void. (Compl. (#1-1) at 7-13).

On August 23, 2011, Trustee Corps filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Mot. to Dismiss (#6)). Bank of America and PRLAP filed a similar motion to dismiss for failure to state a claim on September 28, 2011 and joined Trustee Corps

1  motion to dismiss the same day.  (Mot. to Dismiss (#15); Joinder (#16)).  Plaintiff has failed

2  to file a response to either motion.

3                                          **LEGAL STANDARD**

4         The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test

5  the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

6  "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled

7  to offer evidence to support the claims."  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th

8  Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

9         To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a

10 claim to relief that is plausible on its face."  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017,

11 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim

12 is plausible on its face "when the plaintiff pleads factual content that allows the court to draw

13 the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*

14 *Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  Although detailed factual allegations are

15 not required, the factual allegations "must be enough to raise a right to relief above the

16 speculative level."  *Twombly*, 550 U.S. at 555.  All well-pleaded factual allegations will be

17 accepted as true and all reasonable inferences that may be drawn from the allegations must

18 be construed in the light most favorable to the nonmoving party.  *Broam v. Bogan*, 320 F.3d

19 1023, 1028 (9th Cir. 2003).

20        If the court grants a motion to dismiss a complaint, it must then decide whether to grant

21 leave to amend.  The court should freely give leave to amend when there is no "undue delay,

22 bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing

23 party by virtue of allowance of the amendment, [or] futility of amendment."  *Foman v. Davis*,

24 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a).  Generally, leave to amend is only

25 denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.

26 *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

27                                          **DISCUSSION**

28 **I.      HOEPA Violations (Count 1)**

                                              3

Taking all well-pleaded factual allegations in the complaint as true, Plaintiff's first cause of action for violations of HOEPA fails to state a claim because the statute does not apply to residential mortgage transactions and because the claims are time-barred.  Plaintiff asserts that Defendants violated HOEPA by failing to make required disclosures.  (Compl. (#1-1) at 7-11).  HOEPA however only applies to consumer credit transactions that are "secured by the consumer's principal dwelling, other than a residential mortgage transaction."  15 U.S.C. § 1602(aa)(1).  A residential mortgage transaction is defined as "a transaction in which a mortgage, deed of trust . . . or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w).  Because Plaintiff admits that the mortgage loan was obtained to finance the acquisition of the Property, HOEPA does not apply to the loan transaction. (*See* Compl. (#1-1) at 3).

Even if HOEPA did apply to the transaction, the claim is time-barred.  HOEPA is an amendment to the Truth in Lending Act ("TILA") and is therefore subject to the same statute of limitations. *See Weingartner v. Chase Home Fin., LLC*, 702 F.Supp.2d 1276, 1286 (D. Nev. 2010).  TILA has a one-year statute of limitations for damages actions and a three year statute of limitations when a rescission remedy is sought.  15 U.S.C. § 1640(e); 15 U.S.C. § 1635(f).  The loan here was obtained on or about April 19, 2007 and the complaint was not filed until July 27, 2011.  (Compl. (#1-1) at 3).  Because more than three years has elapsed, Plaintiff's HOEPA claims are time-barred and are accordingly dismissed without leave to amend.

**II.    Wrongful Foreclosure/Slander of Title/Quiet Title/Petition for Judicial Review (Count 2)**

Plaintiff asserts numerous claims in his second cause of action, including wrongful foreclosure, slander of title, quiet title, and petition for judicial review of the mediation.  (Compl. (#1-1) at 11-12).  Plaintiff first alleges that he was wrongfully foreclosed upon.  (*Id.* at 11).  For a claim of wrongful foreclosure to stand in Nevada, a plaintiff must allege a lender wrongfully exercised the power of sale and foreclosed upon the property when the homeowner was not in default of the mortgage loan.  *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623

4

1
2
3

(Nev. 1983); *see also Conley v. Bank of Am., N.A.*, 2011 WL 3444196, at *3 (D. Nev. 2011). Plaintiff here has not alleged he was not in default, and thus Plaintiff's claim for wrongful foreclosure fails.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

However, drawing all reasonable inferences in favor of the nonmovant as the Court must for purposes of these motions, Plaintiff may have intended to allege that the foreclosure was wrongful because it was statutorily defective. NRS § 107.080 sets out certain procedures that must be followed in a foreclosure proceeding. If these procedures are not followed, the foreclosure may be statutorily defective. In order to foreclose on the borrower, the beneficiary, successor in interest of the beneficiary or the trustee must first execute and cause to be recorded a notice of breach. Nev. Rev. Stat. § 107.080(2)(c). It is a statutory defect for an entity that is not yet the beneficiary, trustee, or an agent of one of these entities to record the notice of default. *Chandler v. Indymac Bank, F.S.B.*, 2011 WL 1792772, at *2 (D. Nev. 2011). Trustee Corps here filed the notice of default on January 28, 2010 even though they were not formally substituted as trustee until over a year later on May 11, 2011. (Notice of Default (#15-3) at 1; Substitution of Trustee (#15-5)). Trustee Corps has also not shown it had authority from Bank of America to file the notice of default, and thus Trustee Corps cannot be considered to have been acting as a duly authorized agent of Bank of America. Because Plaintiff has properly stated a claim for statutorily defective foreclosure under NRS § 107.080, Plaintiff's claims for statutorily defective foreclosure and quiet title survive the motions to dismiss.

21
22
23
24
25
26
27
28

Plaintiff's remaining claims in the second cause of action however lack merit. Plaintiff alleges his title to the Property was slandered by Trustee Corps' recording of the notice of default. (Compl. (#1-1) at 11). To succeed on a slander of title claim, the plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damage." *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998) (quoting *Higgins v. Higgins*, 744 P.2d 530, 531 (Nev. 1987)). Plaintiff does not deny he has defaulted under the note, and consequently the notice of default is not a false statement disparaging the title to the Property.

Plaintiff has also requested judicial review of the mediation, claiming the mediation was conducted in bad faith. (Compl. (#1-1) at 12). A homeowner may seek judicial review of the mediator's statement and recommendation in narrow circumstances. *Prasad v. BAC Home Loan Servicing, LP*, 2011 WL 1304257, at *2 (D. Nev. 2011). "A party to the mediation may file a petition for judicial review with the district court . . . for the limited purpose of determining bad faith, enforcing agreements made between the parties within the Program, including temporary modification agreements, and determining appropriate sanctions." FORECLOSURE MEDIATION RULE 6(1). The party filing such a petition must do so within 15 days of the date of the actual receipt of the mediator's statement. *Id.* at 6(2). The mediation here took place on July 2, 2010 and the complaint was not filed until July 27, 2011. As Plaintiff failed to file the petition within the 15 days allotted, Plaintiff's request for judicial review of the mediation is denied and the claim is dismissed without leave to amend.

## III.    Injunctive Relief (Count 3)

In count three, Plaintiff seeks injunctive relief staying all foreclosure and eviction proceedings during the pendency of this action. Under Fed. R. Civ. P. 65(a), the Court may issue a preliminary injunction on notice to the adverse parties. To obtain a preliminary injunction, a plaintiff must demonstrate (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

As discussed above, Plaintiff is likely to succeed on the claim that the foreclosure proceeding leading to the sale of the Property was statutorily defective. Because the Property has been sold, Plaintiff will likely suffer irreparable harm in the absence of an injunction as he is at risk of losing his home. *See Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661-62 (9th Cir. 1988) (finding the potential loss of real property through foreclosure constitutes a threat of irreparable injury); *Hagos v. MTC Financial, Inc.*, 2011 WL 3471153, at *2 (D. Nev. 2011) (same). The balance of equities tip in favor of Plaintiff as he

6

risks the loss of his home while Defendants have not alleged they will be harmed by the delay. Finally, an injunction to ensure that the statutory procedures required for foreclosure are followed is in the public interest.  Accordingly, Plaintiff has stated a claim for injunctive relief.

**IV.     Setting Aside the Foreclosure Sale (Count 4)**

Plaintiff has also stated a claim for his fourth cause of action, which seeks to have the trustee's sale and notice of sale voided.  As shown above, the foreclosure process may have been statutorily defective under NRS § 107.080(2)(c).  The statute provides that a court may void a sale if the person conducting the sale did not substantially comply with the statute.  NEV. REV. STAT. § 107.080(5)(a).  Here, Trustee Corps may have failed to comply with the statute by filing a notice of default without having any authority to do so.  Based on this alleged defective notice of default, the Property was sold at a foreclosure sale.  Because there may have been a defect in the foreclosure process which led to the sale, Plaintiff has stated a claim to set aside the notice of trustee's sale and to have the sale declared void.

<strong>CONCLUSION</strong>

For the foregoing reasons, IT IS ORDERED that Defendants' motions to dismiss (##6, 15) are granted in part and denied in part.  The motions to dismiss are granted as to count one and the allegations of slander of title and the petition for review contained within count two, and these claims are accordingly dismissed without leave to amend.  Both motions to dismiss however are denied as to counts three and four, and the allegations of defective foreclosure and quiet title within count two.

DATED: This __2nd__ day of February, 2012.

_____
United States District Judge